[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 12, 1999 Date of Application Right to review restored October 27, 1999 Date Application Filed November 24, 1999 Date of Decision June 26, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket Number CR 93-0085373
Stephen Freeman, Pro Se Defense Counsel for Petitioner. (Jonathan Demirjian, standby counsel)
Margaret Kelley Assistant State's Attorney, for the State.
 BY THE DIVISION
On September 6, 1994, the petitioner was sentenced to a term of ten years, execution suspended after four years, with probation for five years. This sentence was imposed after a guilty plea to a charge of manslaughter, 2nd degree. His probation commenced on February 25, 1998 upon his release from incarceration.
Then on December 2, 1998, Bridgeport police were conducting a drug surveillance at Trumbull Garden's housing project. Freeman was observed placing a clear plastic bag under some steps, walking away briefly, then returning with a female, retrieving the plastic bag, taking an item from it and returning the bag under the steps, then giving the female an item or items in exchange for money. The plastic bag was then retrieved and it contained glassine folds of heroin.
Freeman was later arrested and during his booking yelled and cursed, including racial epithets and struggled with officers when they tried to take his picture. CT Page 10761
After a hearing at which he was pro-se, he was found to be in violation of probation for violating a criminal statute and the remainder of his sentence (6 years) was imposed.
The petitioner argues that there was insufficient evidence for a finding of violation of probation, however, it is not a function of the Review Division to determine the legality of the conviction or finding of a violation.
This Division's authority is limited to determining if the sentence imposed was inappropriate or disproportionate pursuant to the provisions of § 43-28 of the Practice Book.
In this case, Freeman was involved in drug trafficking (a felony) within ten months of his five year term of probation. Given the continuing pattern of criminal behavior, imposing the unserved balance of the petitioner's sentence was neither disproportionate nor unreasonable.
It is, therefore, affirmed.
Klaczak, Norko and O'Keefe, J.s, participated in this decision.